**Goldman v Icaro Media Group, Inc.**

2024 NY Slip Op 33610(U)

October 10, 2024

Supreme Court, New York County

Docket Number: Index No. 153193/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   __HON. PAUL A. GOETZ__                     PART                    47
                               *Justice*

-------------------------------------------------------------------------------X

LLOYD GOLDMAN,                                   INDEX NO.        153193/2024

                              Petitioner,        MOTION DATE      04/04/2024

                  - v -                          MOTION SEQ. NO.      001

ICARO MEDIA GROUP, INC.,PAUL FELLER               **DECISION + ORDER ON
                                                       MOTION**
                              Respondents.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, 39, 40, 41

were read on this motion to/for          ARChICLE 78 (BODY OR OFFICER)          .

Upon the foregoing documents, it is

In this Article 78 proceeding, petitioner Lloyd Goldman, a shareholder in respondent

corporation, ICARO Media Group ("ICARO") seeks an order compelling respondent to provide

him with requested books and records for his inspection. Petitioner argues that he is entitled to a

right of inspection through both statutory rights and New York common law. Respondents

oppose arguing that the court must apply Nevada law, since that is where ICARO was

incorporated, and thus the statutes petitioner cites are not applicable to ICARO. Respondents

further argue that even if New York law does apply the statutes cited by petitioner do not allow

him to inspect the records he seeks.

## DISCUSSION

*Internal Affairs Doctrine*

Petitioner argues that pursuant to Business Corporation Law § 1315 (BCL), he is entitled

to receive certain records from ICARO. BCL § 1315(a) states:

**153193/2024   GOLDMAN, LLOYD vs. ICARO MEDIA GROUP, INC. ET AL**                **Page 1 of 7**
   **Motion No.  001**

1 of 7

[* 1]

Any resident of this state who shall have been a shareholder of record of a foreign corporation doing business in this state upon at least five days' written demand may require such foreign corporation to produce a record of its shareholders setting forth the names and addresses of all shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof and shall have the right to examine in person or by agent or attorney at the office of the foreign corporation in this state or at the office of its transfer agent or registrar in this state or at such other place in the county in this state in which the foreign corporation is doing business as may be designated by the foreign corporation, during the usual business hours, the record of shareholders or an exact copy thereof certified as correct by the corporate officer or agent responsible for keeping or producing such record and to make extracts therefrom. Resident holders of voting trust certificates representing shares of the foreign corporation shall for the purpose of this section be regarded as shareholders. Any such agent or authority shall be authorized in a writing that satisfies the requirements of a writing under paragraph (b) of section 609 (proxies). A corporation requested to provide information pursuant to this paragraph shall make available such information in the format in which such information is maintained by the corporation and shall not be required to provide such information in any other format. If a request made pursuant to this paragragh1 includes a request to furnish information regarding beneficial owners, the corporation shall make available such information in its possession regarding beneficial owners as is provided to the corporation by a registered broker or dealer or a bank, association or other entity that exercises fiduciary powers in connection with the forwarding of information to such owners. The corporation shall not be required to obtain information about beneficial owners not in its possession.

Respondents first argue that because ICARO is a corporation incorporated in Nevada, New York law does not apply under the internal affairs doctrine. "With respect to matters arising from the internal affairs of a corporation, as in this case, including the relationships between directors and shareholders, [the Court of Appeals] has noted that the general approach is to apply the law of the state of incorporation" (*Eccles v Shamrock Capital Advisors, LLC,* 2024 NY Slip Op 02841 at *5 [Ct App May 23, 2024]). "[T]he doctrine serves the vital need for a single,

**153193/2024   GOLDMAN, LLOYD vs. ICARO MEDIA GROUP, INC. ET AL**
**Motion No.  001**

**Page 2 of 7**

constant, and equal law to avoid the fragmentation of continuing, interdependent internal relationships" (*id*.).

However, "[a]ccess to stockholder lists is a recognized exception to the internal affairs doctrine as a matter of corporate law and conflicts of law, and it should take a substantial threat of conflict adversely affecting interstate commerce before a court invalidates a state's assertion of this traditional authority" (*Sadler v NCR Corp.*, 928 F2d 48, 55 [2d Cir 1991]). In affirming BCL § 1315's constitutionality the Second Circuit ruled that "Section 1315 creates no discrimination against interstate commerce [because] it is adequately justified by the legitimate local interest in protecting local shareholders (*id*. at 55-56). Further, "[t]he use of a state's courts to reach a corporation doing business within the state for the purpose of availing oneself of a state statutory remedy or pursuing a common-law tort action does not implicate impermissible regulation" (*Airtran New York, LLC v Midwest Air Group, Inc.*, 46 AD3d 208, 215 [1st Dept 2007]). "As [a] New York resident shareholder[] in respondent foreign corporation[], petitioner[] [is] entitled to inspect the corporation['s] shareholder lists for the avowed purpose of soliciting sales of stock from other shareholders" (*Madison Liquidity Inv'rs 103 LLC v H. Augustus Carey*, 291 AD2d 362, 362 [1st Dept 2002]). Therefore, petitioner may rely on New York law for the limited purpose of enforcing BCL § 1315.

*BCL § 1315*

Petitioner argues that notwithstanding BCL § 1315's text only allowing for access to a record of shareholder information, that he is entitled to inspect the wider array of records enumerated in BCL § 624. BCL § 624 provides in relevant part that:

> (a) Each corporation shall keep correct and complete books and records of account and shall keep minutes of the proceedings of its shareholders, board and executive committee, if any, and shall keep at the office of the corporation in this state or at the office of its

**153193/2024   GOLDMAN, LLOYD vs. ICARO MEDIA GROUP, INC. ET AL**
**Motion No.  001**

**Page 3 of 7**

3 of 7

[* 3]

transfer agent or registrar in this state, a record containing the names and addresses of all shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof.

…

(b) Any person who shall have been a shareholder of record of a corporation upon at least five days' written demand shall have the right to examine in person or by agent or attorney, during usual business hours, its minutes of the proceedings of its shareholders and record of shareholders and to make extracts therefrom for any purpose reasonably related to such person's interest as a shareholder.

…

(e) Upon the written request of any shareholder, the corporation shall give or mail to such shareholder an annual balance sheet and profit and loss statement for the preceding fiscal year, and, if any interim balance sheet or profit and loss statement has been distributed to its shareholders or otherwise made available to the public, the most recent such interim balance sheet or profit and loss statement. The corporation shall be allowed a reasonable time to prepare such annual balance sheet and profit and loss statement.

Thus, under BCL § 624, a shareholder has a right to inspect a wider range of records than the records that a shareholder is entitled to inspect from a foreign corporation under BCL § 1315.

Here, petitioner seeks the following documents from ICARO:

a. ICARO's governing documents, including certificates of incorporation, bylaws and shareholder agreements.
b. A record of all of ICARO's shareholders containing the names and addresses of all shareholders, the number and class of shares held by each and the date upon which they became shareholders of record.
c. All audited financial statements for ICARO from 2015 to the present.
d. Annual and quarterly financial statements for ICARO from 2015 to the present.
e. Profit and loss statement for ICARO from 2015 to the present.
f. General ledgers for ICARO from 2015 to the present.
g. Documents concerning ICARO's accounts receivable and accounts payable from 2015 to the present.

153193/2024   GOLDMAN, LLOYD vs. ICARO MEDIA GROUP, INC. ET AL
Motion No. 001

Page 4 of 7

[* 4]

h. A list of ICARO's top ten customers and the revenue attributable to each from 2015 to the present.

i. All federal and state tax returns for ICARO from 2015 to the present.

j. Documents concerning the value of ICARO's assets, including the description and location of ICARO's assets and bank accounts

Petitioner argues that he is entitled to inspect these documents because BCL § 1315 gives New York shareholders the same rights of inspection to foreign corporations as BCL § 625 gives to shareholders of New York corporations. He relies on the ruling in *Airtran* where the court stated, "Section 1315 … was intended to give New York holders of shares in foreign corporations the same right of inspection as under Business Corporation Law § 624 for those holding shares in New York corporations" (*Airtran*, 46 AD3d at 213). However, read in context this statement cannot be understood to be granting shareholders of foreign corporations the right to broader range of documents from BCL § 624. In *Airtran*, the plaintiff was seeking the shareholder information enumerated in BCL § 1315 and the court was analyzing the standard for the term "doing business" within the context of BCL § 1315 (*id*.). The First Department determined that courts should liberally construe the term "doing business" within BCL § 1315 in favor of the shareholder to give them access to shareholder information because "Section 1315 … was intended to give New York holders of shares in foreign corporations the same right of inspection as under Business Corporation Law § 624 for those holding shares in New York corporations" and thus (*id*.).

The First Department was not implying, as petitioner suggests, that BCL § 1315 grants shareholders access to the additional documents enumerated in BCL § 624. Indeed, if this was the intent of the legislature they would have included the language in BCL § 624 within BCL §

**153193/2024   GOLDMAN, LLOYD vs. ICARO MEDIA GROUP, INC. ET AL**
**Motion No.  001**

**Page 5 of 7**

5 of 7

1315. Therefore, because ICARO is a foreign corporation, petitioner is only entitled to the shareholder information listed in BCL § 1315.

Petitioner also argues that because BCL § 103(a) states "This chapter applies to every domestic corporation and to every foreign corporation which is authorized or does business in this state" that BCL § 624 applies directly to both domestic and foreign corporations alike. This argument is unavailing since under BCL § 102, the legislature includes distinct definitions for "corporation" and "foreign corporation" stating:

> (4) "Corporation" or "domestic corporation" means a corporation for profit formed under this chapter, or existing on its effective date2 and theretofore formed under any other general statute or by any special act of this state for a purpose or purposes for which a corporation may be formed under this chapter, other than a corporation which may be formed under the cooperative corporations law.
>
> …
>
> (7) "Foreign corporation" means a corporation for profit formed under laws other than the statutes of this state, which has as its purpose or among its purposes a purpose for which a corporation may be formed under this chapter, other than a corporation which, if it were to be formed currently under the laws of this state, could not be formed under this chapter. "Authorized", when used with respect to a foreign corporation, means having authority under article 13 (Foreign corporations) to do business in this state.

Indeed, if the legislature intended all references to "corporation" to refer to both domestic and foreign corporations then the inclusion of much of Article 13 of the BCL, which delineates specific provisions for foreign corporations, including BCL § 1315 would be duplicative. Accordingly, petitioner is limited to inspection of the rights enumerated in BCL § 1315.

**153193/2024   GOLDMAN, LLOYD vs. ICARO MEDIA GROUP, INC. ET AL**
**Motion No.  001**

**Page 6 of 7**

6 of 7

[* 6]

*Common Law Right*

While petitioner claims that he also has a common law right to inspect corporate records, he does not cite any case law granting these rights to a shareholder of a foreign corporation. While he does cite *Crane Co. v Anaconda Co*, where the Court of Appeals contemplates a common law right to inspect records in reference to a Montana corporation, the court ultimately granted access to the shareholder information based on BCL § 1315 and not on any common law right (*Crane Co. v Anaconda Co*., 39 NY2d 14 [1976]). "The operative language of section 1315 of the Business Corporation Law applies to foreign corporations … In view of our disposition on the statutory basis it is unnecessary to reach the common-law ground" (*id.* at 17 n.2). Considering that in *Sadler* the Second Circuit recognized that access to shareholder lists is a limited exception to the "internal affairs doctrine as a matter of corporate law and conflicts of law", petitioner will not be granted wider access to ICARO's records.

Accordingly it is,

ORDERED that the petition is granted, only to the extent that respondent shall provide, if not already provided pursuant to the May 23, 2024 interim order (NYSCEF Doc No 33), the shareholder information enumerated in BCL § 1315; and it is further

ORDERED that the petition is otherwise denied.

20241010140519PG0ETZ1F21AF6AE228F4A92646D52F2977E1E8B

10/10/2024
DATE

PAUL A. GOETZ, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**153193/2024  GOLDMAN, LLOYD vs. ICARO MEDIA GROUP, INC. ET AL**
**Motion No.  001**

**Page 7 of 7**

[* 7]

7 of 7